UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TONY ANTHONY DAY,<br><br>   Plaintiff,<br><br>   vs.<br><br>MINNEHAHA COUNTY, MINNEHAHA COUNTY JAIL, and CORRECT CARE SOLUTIONS,<br><br>   Defendants. | CIV. 14-4037-KES<br><br>ORDER GRANTING MOTIONS FOR JUDGMENT ON THE PLEADINGS |

Plaintiff, Tony Anthony Day, filed a pro se complaint against defendants Minnehaha County, Minnehaha County Jail, and Correct Care Solutions. After an initial screening, the court directed service of the complaint. Subsequently, Correct Care Solutions moved for judgment on the pleadings. Minnehaha County and Minnehaha County Jail separately moved for judgment on the pleadings. Day resists both motions.[1] For the following reasons, the motions for judgment on the pleadings are granted.

## BACKGROUND

Day was incarcerated in the Minnehaha County Jail. Correct Care Solutions is a private entity that provides healthcare services at the Minnehaha County Jail under a contract with the county. Day alleges that he suffers from

---

[1] Day moves for dismissal of the Rule 12(c) motions and for a judgment in his favor based on alleged fraudulent misrepresentations by opposing counsel. Docket 37. The court sees no misconduct or false statements in the record by defense counsel. Accordingly, to the extent Day's filing is a request for judgment in his favor, it is denied.

bipolar disorder and was prescribed medication to address his mental health needs. According to Day, during his incarceration, mental health staff reduced his dosage, which resulted in mood swings, anxiety, antisocial tendencies, paranoia, and aggressive behavior.

Day also claims to have nerve damage in his leg due to a stabbing injury. He suggests that he needs painkillers to control the pain. He also had special shoes that cushioned his step to relieve pain and used a cane. Day alleges that jail staff tricked him into taking off his shoes upon intake by telling him they would replace them with another pair, but then later told him he did not meet the criteria for special shoes. He also alleges that his cane was taken away but provides little detail regarding who made that decision, why it was made, or what harm he suffered by being deprived of his cane.

Day reports that he informed medical staff of his medical issues on numerous occasions but staff did not respond to his complaints until he threatened to sue. Day contends that the reduction in his dosage and lack of response to or follow-up on his mental health needs led him to getting in numerous fights that resulted in physical injury and disciplinary action. Therefore, Day claims that Correct Care Solutions, Minnehaha County Jail, and Minnehaha County are liable under 42 U.S.C. § 1983 for deliberately disregarding his serious medical needs in violation of the Eighth Amendment's

prohibition on cruel and unusual punishment.[2] Day seeks a total of $80 million in damages.

## LEGAL STANDARD

When reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the court applies the same standard as that on a motion to dismiss under Rule 12(b)(6).[3] *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (noting that courts review a Rule 12(c) motion under the same standard that governs a Rule 12(b)(6) motion). "Judgment on the pleadings is appropriate when there are no material facts to resolve and the moving party is entitled to judgment as a matter of law." *Mills v. City of Grand Forks*, 614 F.3d 495, 497–98 (8th Cir. 2010) (citing *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002)). "The facts pleaded by the non-moving party must be accepted as true and all reasonable inferences from the pleadings should be taken in favor of the non-moving party." *Id.* The court

---

[2] At the screening stage, the court dismissed Day's claims for negligent provision of medical care because negligence and medical malpractice claims are not cognizable under § 1983. Docket 10 at 6.

[3] The court applies a similar standard when performing an initial screening of a complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. Although the court is unaware of any Eighth Circuit precedent directly addressing this issue, the fact that a complaint survives screening should not foreclose subsequent Rule 12 motions even though the standards overlap. *See Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (concluding that the screening and dismissal procedure in § 1915A "is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring"); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (noting that the Prison Litigation Reform Act "provides that a district court may dismiss an action filed in forma pauperis 'at any time' if the court determined that the action fails to state a claim on which relief may be granted").

may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record. *Id.* (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

Pro se complaints, " 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nonetheless, a pro se complaint must comply with the minimal requirements set forth in the Federal Rules of Civil Procedure, which specifically require pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a pro se complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pro se complaint must "allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal theory that assumes facts that have not been pleaded." *Id.* (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). If the complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

"[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law,

and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.'" *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)).

"[D]eliberate indifference to serious medical needs of prisoners constitutes 'the unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104–05. But "this does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

The deliberate indifference standard includes both an objective and subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). The plaintiff "must demonstrate (1) that he suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Id.* (citing *Coleman*, 114 F.3d at 784). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily

recognize the necessity for a doctor's attention." *Coleman*, 114 F.3d at 784. To be liable for deliberately disregarding medical needs, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

## I.   Minnehaha County Jail

Under South Dakota law, jails are established by the board of county commissioners and operated at county expense. SDCL 24-11-2. "[C]ounty jails are not legal entities amenable to suit." *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Day does not argue otherwise. Accordingly, Minnehaha County Jail is entitled to judgment on the pleadings.

## II.   Minnehaha County

A governmental entity is liable under § 1983 "only when the entity itself is a moving force behind the violation. That is, the entity's official policy or custom must have caused the constitutional violation." *Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987). To subject the county to liability, Day must show that the alleged constitutional violations stemmed from an unconstitutional policy or custom. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). " '[I]t is when execution of a government's policy or custom . . . *inflicts* the injury that the government as an entity is responsible under § 1983.' " *Ricketts v. City of Columbia, Mo.*, 36 F.3d 775, 779 (8th Cir. 1994) (alterations and emphasis

retained) (quoting *Monell v. New York City Dep't of Social Serv.*, 426 U.S. 658, 694 (1977)).

Day states that he wants to hold Minnehaha County responsible for the behavior of certain Correct Care Solutions employees who deprived him of his medication. *See* Docket 1-1 at 5. His complaint also suggests that jail personnel may have been responsible for taking his shoes and cane. But Day provides no evidence of any policy or custom of Minnehaha County to act in an unconstitutional manner. Without evidence of a policy or custom inflicting a constitutional injury, the county cannot be held liable.

Furthermore, differences in medical opinions or treatments do not amount to constitutional violations. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) ("The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation."). Even if Day could point to some sort of pattern or custom, it would not be unconstitutional for prison mental health staff to limit Day to a lower dosage of medication if they believed that was an appropriate treatment. Additionally, jail staff members are not policymakers such that their actions can be interpreted as a policy of the county. *See Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009).

Because there is no evidence of a policy or custom of Minnehaha County that is the moving force behind a constitutional violation, Day cannot establish that Minnehaha County may be liable for the constitutional violations, if any,

Day suffered. Accordingly, Minnehaha County is entitled to judgment on the pleadings.

### III. Correct Care Solutions

A private party can be held liable under § 1983 where it acts under color of state law. *See, e.g., Dennis v. Sparks*, 449 U.S. 24 (1980). Here, Day has alleged that Correct Care Solutions acted under color of state law. Nonetheless, "a corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993) (citing *Monell*, 436 U.S. at 690). "The proper test is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983." *Id.* at 976.

Day seems to base his complaint in large part on the fact that his pre-incarceration dosage of certain mood-stabilizing medication was 100 mg, but he was initially only given 25 mg, which was later increased to 50 mg. He also contends that at least two Correct Care Solution employees ignored his complaints and failed to recognize the behavioral symptoms of his decreased medication levels. These allegations may amount to negligence but they do not establish the requisite subjective disregard of a serious medical condition. Even if Day could establish that his constitutional rights were violated, he has not made any allegations or included facts in his complaint about any policy or custom of Correct Care Solutions. He also has not alleged any act by a policymaker for which Correct Care Solutions could be held responsible.

Because Day has not alleged a basis on which Correct Care Solutions may be liable, Correct Care Solutions is entitled to judgment on the pleadings.

## CONCLUSION

Minnehaha County Jail is not an entity amenable to suit. Minnehaha County and Correct Care Solutions can only be held liable if a constitutional violation was the result of a policy or custom. The pleadings reveal no allegations of any policies or customs of either entity that played a role in the harms Day alleges he suffered. Accordingly, it is

ORDERED that the motions for judgment on the pleadings by Correct Care Solutions (Docket 33) and Minnehaha County and Minnehaha County Jail (Docket 35) are granted, and the complaint is dismissed..

IT IS FURTHER ORDERED that the motion to dismiss defendants' Rule 12(c) motions by Tony Anthony Day (Docket 37) is denied.

IT IS FURTHER ORDERED that the motion for a protective order and a stay on discovery by Correct Care Solutions (Docket 41) is denied as moot.

Dated March 4, 2015.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE